

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2008

# Calikiran v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1248

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Calikiran v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1307.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1307

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1248
_____

ISMET CALIKIRAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A70-897-895)
Immigration Judge:  Henry S. Dogin
_____

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2008

Before:  SCIRICA, *Chief Judge*, FISHER and ROTH, *Circuit Judges*.

(Filed: April 30, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Ismet Calikiran petitions for review of the decision by the Board of Immigration

Appeals ("BIA") dismissing his appeal and affirming the decision of the Immigration

Judge ("IJ") denying his motion to reopen. For the reasons that follow, we will deny his petition.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Calikiran is a native and citizen of Turkey. On September 5, 1996, because he had remained in the United States after the expiration of his nonimmigrant visa, deportation proceedings were commenced against him pursuant to former Immigration & Nationality Act ("INA") § 241(a)(1)(B).[1] On August 28, 1996, Calikiran received an Order to Show Cause that included a deportation hearing notice instructing him to appear on March 14, 1997 before an IJ. The hearing notice explained the consequences of any failure to appear. Nevertheless, Calikiran failed to appear at his hearing and the IJ issued an order that he be "removed in absentia."

On July 9, 2003, Calikiran filed his first motion to reopen, requesting that the IJ vacate the removal order and reopen the case based upon Calikiran's marriage to an approved immigrant alien worker. In support of his motion, he included a medical note indicating that on March 12, 1997, he was examined for possible peptic ulcer disease. On

---

[1]This subsection was moved to U.S.C. § 1227(a)(1)(B) by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), § 305(a)(2), Pub. L. No. 104-208, 110 Stat. 3009.

July 18, 2003, the IJ denied Calikiran's motion because it had not been filed within the 180-day period prescribed by the statute and because he failed to demonstrate exceptional circumstances for his failure to appear at the original hearing. On May 13, 2004, the BIA affirmed the IJ's decision without opinion. Calikiran did not petition for review of that decision.

On October 16, 2006, Calikiran filed a second motion to reopen in which he argued that he had demonstrated "reasonable cause" for his failure to appear at his original hearing in 1997, and thus met his burden. On December 28, 2006, the BIA denied this second motion to reopen as number-barred. The Board also found that even if his motion to reopen was not statutorily barred, it was without merit. This petition for review followed.

## II.

We have jurisdiction to review petitions challenging a final order of removal under 8 U.S.C. § 1252(a). In cases where the BIA adopts the findings of the IJ and discusses the basis for the IJ's decision, we review the decisions of both the IJ and the BIA. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We review an IJ's denial of a motion to reopen under an abuse of discretion standard. *Shardar v. Ashcroft*, 382 F.3d 318, 324 (3d Cir. 2004). We will disturb the BIA's denial of a motion to reopen only if it was "arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).

III.

Petitioner's in absentia hearing was conducted pursuant to former INA § 242B. (A.R. 2; Petitioner's Br. 8; Government's Br. 8). That section states that an order of removal pursuant to § 242B can only be rescinded in one of two ways:

> (A) upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (f)(2) of this section), or
>
> (B) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) of this section or the alien demonstrates that the alien was in Federal or State custody and did not appear through no fault of the alien.

INA § 242B(c)(3).

Petitioner argues that his first motion to reopen – filed six years after the final order of removal – was not time-barred and that his failure to attend his hearing was due to his medical condition. However, after the IJ's denial of the motion was affirmed by the BIA, Petitioner did not file a petition for review before this Court. Instead, he filed a second motion to reopen more than two years later.

INA § 242B(c)(4) states that any petition for review challenging a final order issued pursuant to an order of deportation in absentia must be filed "not later than 60 days" after the date of the final order. As no petition was filed within 60 days of the final order denying the first motion to reopen, we do not have jurisdiction to review the denial of the first motion to reopen. *See Nocon v. I.N.S.*, 789 F.2d 1028, 1033 (3d Cir. 1986)

4

(finding a petition for review must be filed with the statutory time limit given for "the specific order sought to be reviewed" and that "strict compliance with the statutory directive is a jurisdictional prerequisite to judicial review.").

Turning to Petitioner's second motion to reopen, for which the petition has been timely filed, the Government argues that this motion is nonetheless number-barred. The Government relies primarily on 8 C.F.R. § 1003.2, which states that "except as provided in paragraph (c)(3) of this section, a party may file only one motion to reopen deportation or exclusion proceedings." *Id.*

However, our case law is clear that

> [u]nder the statute that applies to pre-IIRIRA proceedings, 8 U.S.C. § 1252b [INA § 242B], there is no limit on the number of motions to reopen that an alien may file. . . . The old statute continues to apply to aliens who were placed in proceedings before April 1, 1997, the effective date of IIRIRA. . . . The BIA has also promulgated regulations that apply to aliens placed in proceedings before April 1, 1997. Under these regulations, an alien who is ordered deported in absentia may file an unlimited number of motions to reopen.

*Luntungan v. Att'y Gen.*, 449 F.3d 551, 556 (3d Cir. 2006). Because proceedings against Petitioner commenced in 1996, under *Luntungan*, his second motion is not number-barred. *See id.*

Regardless, Petitioner's second motion to reopen is untimely. Petitioner has not alleged that he did not receive notice, or was in government custody at the time of the hearing. Therefore, INA § 242B(c)(3)(B) does not apply. Petitioner alleges that his medical condition caused him to miss the hearing. According to INA § 242B(c)(3)(A),

5

the exception for such circumstances applies only in those cases when the motion is filed within 180 days of the date of the order. As Petitioner filed this second motion well after the 180 day period expired, his claim is time-barred, the merits of his allegations notwithstanding.

IV.

For the foregoing reasons, we will deny the petition for review.