IMG-227                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2659
_____

ISMET CALIKIRAN,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A070-897-895)
Immigration Judge:  Honorable Henry S. Dogin

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2010
Before:   BARRY, GREENAWAY AND STAPLETON,  Circuit Judges

(Opinion filed: June 3, 2010)
_____

OPINION
_____

PER CURIAM

    Ismet Calikiran petitions for review of a decision by the Board of Immigration

Appeals ("BIA") rendered on May 11, 2009.  For the following reasons, we will dismiss

in part and deny in part the petition for review.

## I.  Background

Calikiran is a native and citizen of Turkey.  He arrived in this country in July 1989 and overstayed his visa; he has been in removal proceedings since September 1996.  On May 14, 1997, Calikiran did not appear at a scheduled hearing and the Immigration Judge ("IJ") issued an in absentia removal order.

More than six years later, in June 2003, Calikiran filed a first motion to reopen his case, in order to seek adjustment of status.  The IJ concluded that Calikiran's motion was untimely and he failed to demonstrate exceptional circumstances permitting an untimely motion.  Specifically, although Calikiran claimed he missed the 1997 hearing for medical reasons, he provided insufficient evidence of his medical condition and failed to explain the nearly six years of delay in filing his motion to reopen.  The IJ therefore denied the motion to reopen.  On appeal to the BIA, in May 2004, the BIA summarily affirmed and adopted the IJ's decision to deny reopening.  Calikiran did not file a petition for review with this Court, but did file a motion for reconsideration with the BIA.  Due to error on the part of the BIA, the motion to reconsider was not docketed and the BIA did not address it for approximately five years.

In the interim, in October 2006, Calikiran filed a second motion to reopen, asserting that the IJ and BIA applied the wrong standard in denying his first motion to reopen.  The BIA denied the second motion to reopen, concluding it was numerically barred and lacked merit.  Calikiran filed a petition for review.  We disagreed with the

2

BIA's conclusion that the second motion to reopen was numerically barred, but held it was untimely. We therefore denied the petition for review. See Calikiran v. Att'y Gen., 276 F. App'x 240 (3d Cir. Apr. 30, 2008).

On May 11, 2009, the BIA issued a decision addressing Calikiran's 2004 motion to reconsider. In addition, because Calikiran had submitted a letter and several documents in the intervening time, the BIA treated Calikiran's submissions as a third motion to reopen. The BIA denied both motions.

This timely petition for review followed.

## II. Analysis

### A.

In his opening brief, Calikiran claims the IJ issued the in absentia removal order in violation of Calikiran's Due Process rights.[1] The order currently before us in this petition for review is the BIA's May 11, 2009 order denying the 2004 motion to reconsider and the third motion to reopen. Because it is not properly before us, we lack jurisdiction to review the IJ's underlying in absentia removal order. See Nocon v. INS, 789 F.2d 1028, 1032-33 (3d Cir. 1986). Moreover, Calikiran did not present his Due Process claim to the BIA. Because he did not administratively exhaust it, we lack jurisdiction to review the claim for this reason as well. See INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; Abdulrahman

---

[1] Calikiran claims he was ill at the time of his scheduled hearing and wanted it rescheduled. He alleges he mailed medical records to confirm his illness, but contends the IJ failed to adequately consider them prior to entering the removal order.

3

v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003); see also Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005) (a claim that the IJ failed in the duty to fully develop a case must be argued to the BIA).

Calikiran attempts to circumvent our lack of jurisdiction to review the IJ's in absentia removal order by arguing that, because "[t]he initial ruling in this case by the IJ is flawed . . . all rulings thereafter must be declared void as a result." (Petitioner's Brief at 9.) We reject this unsupported contention. Our case law is clear that, in this case, the BIA's May 11, 2009 decision does not automatically bring up for review the IJ's underlying removal order. Accordingly, to the extent Calikiran challenges the IJ's in absentia removal order, we will dismiss his claims for lack of jurisdiction.

B.

The BIA's May 11, 2009 decision denied reconsideration and reopening. We review the denial of motions to reconsider and to reopen under an abuse of discretion standard. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). We will not disturb the BIA's decisions unless they were "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

Calikiran moved for reconsideration on the ground that the BIA and IJ wrongly determined his first motion to reopen was barred. In support, Calikiran argued that his motion was not subject to time and numerical limitations. He relied upon In re Cruz-Garcia, 22 I. & N. Dec. 1155 (BIA 1999), and In re Mancera-Monroy, 22 I. & N. Dec. 79

(BIA 1998), in which the BIA recognized that former INA § 242(b) [8 U.S.C. § 1252(b)] did not provide express time and numerical limitations on the ability to challenge an in absentia removal order. In denying the motion to reconsider, the BIA rejected Calikiran's contention and concluded that Calikiran's case was not subject to former INA § 242(b) [8 U.S.C. § 1252(b)].[2] Accordingly, Calikiran's motion for reconsideration failed to demonstrate that the decision to deny reopening suffered from a material error of fact or law. See 8 C.F.R. § 1003.2(b)(1).

Next, the BIA construed Calikiran's documentary submissions as a third motion to reopen. Because the submissions included information about a disciplinary complaint Calikiran filed against his former counsel, the BIA considered whether Calikiran was entitled to equitable tolling of the period for pursuing reopening based upon the deficient performance of counsel. The BIA determined that equitable tolling did not apply because the facts did not support a claim of deficient performance of counsel. It therefore denied the third motion to reopen.[3]

---

[2] As the BIA noted in Cruz-Garcia, "[d]eportation proceedings involving notices of hearing issued between June 13, 1992, and March 31, 1997, were governed by section 242B of the Act," not INA § 242(b). Cruz-Garcia, 22 I. & N. Dec. at 1160 n.1. Because Calikiran's case involved a notice of hearing issued in March 1997, the BIA determined he is subject to the constraints set forth in INA § 242B [8 U.S.C. § 1252b].

[3] The BIA concluded that Calikiran did not retain his former counsel until after expiration of the period for reopening the in absentia removal order, and former counsel timely filed the 2004 motion to reconsider (although, as the BIA noted, the BIA did not timely docket or address it). The BIA also concluded that Calikiran failed to exercise due diligence in pursuing his claim.

5

Calikiran has not presented a challenge to any factual findings or legal conclusions that the BIA reached in its decision. To the extent Calikiran's petition for review has raised any challenge to that order at all, we have reviewed the BIA's decision and conclude that the BIA did not abuse its discretion in denying Calikiran relief.

## III. Conclusion

For the foregoing reasons, we will dismiss in part and deny in part the petition for review.