MATTER OF MARALLAG

In Deportation Proceedings

A-17833582

*Decided by Board November 5, 1971*

Respondent's deportation hearing was properly held *in absentia* where she was notified of the time and place of hearing, she had a reasonable opportunity to be present, and she has shown no reasonable cause for her failure to attend (section 242(b), Immigration and Nationality Act).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer.

ON BEHALF OF RESPONDENT:
John L. Weir, Esquire
483 Castro Street
San Francisco, California 94114

ON BEHALF OF SERVICE:
Stephen M. Suffin
Trial Attorney
(Brief filed)

Respondent appeals from the special inquiry officer's order requiring her deportation. The appeal will be dismissed. We find respondent deportable, but we will grant voluntary departure.

The deportation hearing was held *in absentia*. Exhibits introduced at the hearing establish that the respondent, a 29-year-old single female, a native and citizen of the Philippines, admitted as a temporary visitor for pleasure on April 5, 1971 for a period ending May 15, 1971, did not receive an extension of stay. The record establishes respondent's deportability.

In a brief submitted on appeal counsel contended that he could not be present at the deportation hearing because he was busy. He stated that respondent "was not able to receive a notice" of the hearing. There is no further explanation and no affidavit from respondent on the matter. The trial attorney stated counsel did not ask for an adjournment. In the brief, counsel requested additional time within which to file a brief. The request was granted by the special inquiry officer. The other further communication from counsel is a letter dated September 17, 1971 in

775

which he asked that action in the deportation proceeding be held in abeyance pending the outcome of the respondent's petition for a third preference visa. (A letter in the file reveals respondent's petition has now been denied because she lacked a labor certification.)

The trial attorney has filed a brief requesting that the finding of deportability be upheld. He stated that the Service would not oppose a grant of voluntary departure.

The hearing was properly held *in absentia*. Respondent had a reasonable opportunity to be present and she showed no reasonable cause for her failure to attend, section 242(b) of the Act (8 U.S.C. 1252(b)). The record establishes that the Service notified the respondent by certified mail of the deportation charges and of the time and place of hearing. A receipt is in evidence showing the Service notice was received at the respondent's address. The trial attorney stated that counsel also had been notified of the time and place of the hearing. There was no reason to postpone the hearing because respondent had filed a petition for a third preference visa, *Bowes v. District Director*, 433 F.2d 30 (9 Cir., 1971).

**ORDER:** The special inquiry officer's order is withdrawn.

*Further order*: The alien is permitted to depart from the United States voluntarily without expense to the Government, to any country of her choice, within such period of time, in any event not less than 30 days, and under such conditions as the officer-in-charge of the District deems appropriate.

*Further Order*: In the event of failure so to depart, the respondent shall be deported from the United States to the Philippines on the charge set forth in the order to show cause.