## MATTER OF AVILES

### In Visa Petition Proceedings

### A-19500273

*Decided by Board January 16, 1976*

Since a District Director loses jurisdiction over a case once an appeal from his decision has been filed, and thereafter any motions must be directed to the Board of Immigration Appeals, the reopening of the instant proceedings by the District Director subsequent to the filing of petitioner's appeal from the January 21, 1975 order of denial of the visa petition for lack of prosecution, was improper, and the District Director's second order subsequently entered on May 9, 1975, was of no effect.

ON BEHALF OF PETITIONER: Pro se

The United States citizen petitioner applied for immediate relative status for the beneficiary as his spouse under section 201(b) of the Immigration and Nationality Act. In a decision dated January 21, 1975, the district director denied the petition for lack of prosecution. On January 31, 1975, the petitioner appealed. On March 21, 1975, the petitioner and the beneficiary were interviewed by a Service officer. The district director issued a second order on May 9, 1975 which "reaffirmed" the decision dated January 21, 1975, and certified this case to us for review and final decision. To avoid any questions as to our jurisdiction, we have decided to certify the entire record file to ourselves.

Once an appeal has been filed, the district director loses his jurisdiction over the case. Thereafter, any motions must be directed to this Board. The pertinent regulation, 8 CFR 3.5, provides that when an appeal is taken, the record is to be forwarded to the Board. The only exception arises in the instance of a withdrawal of an appeal, a situation not present in this case. The reopening of these proceedings by the district director subsequent to the filing of the petitioner's appeal was not proper, and his order of May 9, 1975 was of no effect.

The petitioner is a 25-year-old male who resides in Amityville, New York. The beneficiary is a 44-year-old female alien, native and citizen of Columbia. A copy of a marriage certificate is on record which shows that the petitioner and the beneficiary went through a marriage ceremony on March 28, 1972 in Amityville, New York.

On May 2, 1974, the petitioner and the beneficiary were separately

interviewed by a Service officer. Their statements disclosed discrepancies with respect to their residence and their whereabouts on the night before the interview. A thorough investigation conducted by the Service following the interview revealed that the petitioner and the beneficiary were not living together and maintained separate residences. The petitioner failed to appear for a scheduled Service interview on October 8, 1974.

In visa petition proceedings, the petitioner has the burden of establishing eligiblity for the benefit sought under the immigration laws, *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). The petitioner has not shown that his marriage to the beneficiary was not entered into for the primary purpose of evading the immigration laws. We consequently agree with the District Director's decision that the beneficiary should not be accorded immediate relative status as the spouse of the petitioner. See *Matter of Phillis*, 15 I. & N. Dec. 385 (BIA 1975). Accordingly, the decision of the district director will be affirmed.

ORDER: The district director's decision of January 21, 1975 is affirmed.