**In re Edgar MANCERA-Monroy, Respondent**

**File A27 945 884 - Port Isabel**

Decided July 1, 1998

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A motion to reopen deportation proceedings conducted in absentia pursuant to section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b)(1994), that demonstrates a lack of notice of the scheduled hearing is excepted from the regulatory time limitations on motions.

Antonio R. Espinosa, Esquire, for the respondent

Kenneth M. Muir, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, GUENDELSBERGER, JONES, GRANT, and SCIALABBA, Board Members

SCHMIDT, Chairman:

In an order dated July 29, 1997, an Immigration Judge denied the respondent's motion to reopen deportation proceedings, which had been conducted in absentia pursuant to section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b) (1994). The respondent has filed a timely appeal from that order. For the following reasons, we will sustain the respondent's appeal, vacate the Immigration Judge's decision, and remand the record to the Immigration Court for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

The record reveals that on July 17, 1987, the respondent, a native and citizen of Colombia, entered the United States near Brownsville, Texas, without inspection. The Immigration and Naturalization Service personally served the respondent with an Order to Show Cause and Notice of Hearing (Form I-221) on July 19, 1987, and subsequently released him from custody. When the respondent failed to appear for his deportation hearing on October 27, 1987, the Immigration Judge found him deportable and ordered him deported in absentia pursuant to section 242(b) of the Act.[1] Nearly 10 years later, on July 9, 1997, the respondent filed a motion to reopen proceedings, with supporting documentation, alleging that "reasonable cause" excused his absence because he did not receive notice of the hearing.

The Immigration Judge denied the respondent's motion to reopen after determining that it was not filed in a timely manner. The Immigration Judge concluded that the respondent's motion did not fall into any of the exceptions to the regulatory directive that only one motion to reopen may be filed and that it must be filed within 90 days of the final administrative order or on or before September 30, 1996, whichever is later. See 62 Fed. Reg. 10,312,

---

[1] Prior to June 13, 1992, section 242(b) of the Act governed all deportation proceedings. See Morales v. INS, 116 F.3d 145, 147 n.4 (5th Cir. 1997); Matter of W-F-, Interim Decision 3288, at 5 n.2 (BIA 1996). Deportation proceedings involving notices of hearing issued between June 13, 1992, and March 31, 1997, were governed by section 242B of the Act, 8 U.S.C. § 1252b, which was added by Congress in the Immigration Act of 1990, Pub. L. No. 101-649, § 545(a), 104 Stat. 4978, 5061-66 (enacted Nov. 29, 1990), and was amended by the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, § 306(b)(6), 105 Stat. 1733, 1753 (enacted Dec. 12, 1991). Effective April 1, 1997, the relevant provisions of sections 242 and 242B were deleted from the Act. See Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, §§ 306(a), 308(b)(6), 110 Stat. 3009-546, 3009-607, 3009-615 (enacted Sept. 30, 1996) ("IIRIRA"). Removal proceedings became the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States. See sections 239, 240 of the Act, 8 U.S.C. §§ 1229, 1229a (Supp. II 1996), enacted by IIRIRA § 304, 110 Stat. at 3009-587.

10,333 (1997) (to be codified at 8 C.F.R. § 3.23(b)(1) (interim, effective Apr. 1, 1997). The Immigration Judge also concluded that the respondent had not demonstrated a lack of notice of the hearing.

## II. ANALYSIS

We find that the respondent's motion to reopen deportation proceedings in this case was not untimely filed. As the Immigration Judge correctly recognized, the federal regulations at 8 C.F.R. § 3.23(b)(1) provide generally that "[a] motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later." See also 62 Fed. Reg. 10,312, 10,330 (1997) (to be codified at 8 C.F.R. § 3.2(c)(2)) (interim, effective Apr. 1, 1997) (regarding motions to reopen or reconsider filed before the Board). Furthermore, 8 C.F.R. § 3.23(b)(1) states that, with certain exceptions, "a party may file only one motion to reconsider and one motion to reopen proceedings."

However, the regulations provide specific exceptions to the general time and numerical limitations on motions to reopen or reconsider. See, e.g., Matter of J-J-, Interim Decision 3323 (BIA 1997) (discussing the exception for changed country conditions in the asylum context). For example, the limitations on motions to reopen do not apply to orders entered in absentia in deportation proceedings. See 8 C.F.R. §§ 3.23(b)(1), (4)(iii). Thus 8 C.F.R. § 3.23(b)(4)(iii)(A) provides:

> An order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed:
>
> (1) Within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances beyond the control of the alien (e.g., serious illness of the alien or serious illness or death of an immediate relative of the alien, but not including less compelling circumstances); or
>
> (2) At any time if the alien demonstrates that he or she did not receive notice or if the alien demonstrates that he or she was in federal or state custody and the failure to appear was through no fault of the alien.

(Emphasis added.)

3

The record contains no evidence that the respondent received notice of his deportation hearing, which was conducted on October 27, 1987. See Matter of Munoz-Santos, 20 I&N Dec. 205 (BIA 1990) (discussing notice under section 242(b) of the Act); Matter of Lopez-Barrios, 20 I&N Dec. 203 (BIA 1990) (same). Included in the record is an order by an Immigration Judge dated August 24, 1987, which states that the deportation proceedings scheduled for that date were reset for a hearing on September 8, 1987. This order was served upon the respondent on August 24, 1987. However, the record is devoid of any evidence that the respondent was notified that the hearing was subsequently rescheduled for October 27, 1987, and the respondent has averred that he did not receive such notice. Therefore, we find that the respondent has demonstrated that the lack of notice excused his absence from the rescheduled deportation hearing. See Matter of Patel, 19 I&N Dec. 260 (BIA 1985), aff'd, 803 F.2d 804 (5th Cir. 1986); Matter of Marallag, 13 I&N Dec. 775 (BIA 1971). Accordingly, we conclude that the Immigration Judge erred in finding that the respondent's motion did not fall into the time limitation exception of 8 C.F.R. § 3.23(b)(4)(A)(iii)(2) for motions to reopen deportation proceedings conducted in absentia that demonstrate a lack of notice.

### III. CONCLUSION

We find that the respondent's motion to reopen filed with the Immigration Judge was not barred by the regulatory time limitations. As addressed above, the respondent has established that a lack of notice justified his failure to appear at the scheduled deportation hearing. Accordingly, the following orders are entered.

ORDER: The respondent's appeal is sustained and the decision of the Immigration Judge is vacated.

FURTHER ORDER: The proceedings are reopened, and the record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and the entry of a new decision.