# In re Ydalia CRUZ-GARCIA, Respondent

## File A29 269 102 - Newark

*Decided November 30, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The regulation at 8 C.F.R. § 3.23(b)(4)(iii) (1998) imposes no time or numerical limitation on aliens seeking to reopen deportation proceedings conducted in absentia pursuant to section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b) (1988). *Matter of Mancera*, 22 I&N Dec. 3353 (BIA 1998), *reaffirmed*.

(2) When an alien seeks to reopen deportation proceedings conducted in absentia pursuant to section 242(b) of the Act, it is appropriate to apply the "reasonable cause" standard, not the "exceptional circumstances" standard set forth in section 242B of the Act, 8 U.S.C. § 1252b (Supp. II 1990).

(3) An alien who asserted for the first time on appeal that her failure to appear at a deportation hearing was the result of ineffective assistance of counsel, but who failed to comply with the requirements for such a claim, has not shown "reasonable cause" that warrants reopening of the proceedings.

Frederick A. Organ, Esquire, River Vale, New Jersey, for respondent

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; SCIALABBA, Vice Chairman; VACCA, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, GUENDELSBERGER, JONES, GRANT, MOSCATO, and MILLER, Board Members.

MATHON, Board Member:

In an order dated October 27, 1997, an Immigration Judge denied the respondent's motion to reopen deportation proceedings, which were conducted in absentia in 1991 pursuant to section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b) (1988). The respondent filed a timely appeal from the Immigration Judge's order, supported by an appellate brief. The Immigration and Naturalization Service did not file a brief in opposition to the appeal. For the following reasons, we will dismiss the respondent's appeal.

## I. FACTUAL BACKGROUND

The record reveals that on September 13, 1990, the respondent, a native and citizen of the Dominican Republic, entered the United States without inspection. On September 15, 1990, the respondent was personally served with an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S). On December 3, 1990, the Immigration Court sent notice of a hearing to the respondent's address of record, informing her of a deportation hearing scheduled for April 9, 1991. When the respondent failed to appear for her scheduled hearing, the Immigration Judge found her deportable as charged and ordered that she be deported from the United States pursuant to section 242(b) of the Act.[1] On July 16, 1997, the respondent filed a motion to reopen proceedings, claiming that she was eligible to adjust her status to that of a permanent resident owing to an approved visa petition filed on her behalf by her United States citizen husband. The respondent did not provide a reason for her absence from her 1991 deportation hearing.

The Immigration Judge denied the respondent's motion to reopen as untimely filed on October 27, 1997. The Immigration Judge found that the respondent failed to demonstrate that she did not receive notice of the hearing, that her failure to appear was because of "exceptional circumstances," or that she was in federal or state custody at the time of the hearing. *See* 8 C.F.R. § 3.23(b)(4)(iii) (1998).

The respondent contends in her Notice of Appeal that she missed her scheduled hearing because her former attorney had been "suspended by the Bar" at the time he appeared on her behalf and that he did not effectively represent her. The respondent's appellate brief offers no support for this contention and does not further explain how her attorney's actions may have caused her to miss her hearing. Instead, the respondent's appellate brief

---

[1] Prior to June 13, 1992, section 242(b) of the Act governed all deportation proceedings. *See Matter of W-F-,* 21 I&N Dec. 503, 506 n.2 (BIA 1996). Deportation proceedings involving notices of hearing issued between June 13, 1992, and March 31, 1997, were governed by section 242B of the Act, 8 U.S.C. § 1252b (Supp. II 1990), which was added by Congress in the Immigration Act of 1990, Pub. L. No. 101-649, § 545(a), 104 Stat. 4978, 5061-66 ("1990 Act"), and was amended by the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, § 306(b)(6), 105 Stat. 1733, 1753 (effective as if included in the 1990 Act). Effective April 1, 1997, the relevant provisions of sections 242 and 242B were deleted from the Act. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, §§ 306(a), 308(b)(6), 110 Stat. 3009-546, 3009-607, 3009-615 ("IIRIRA"). Removal proceedings became the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States. *See* sections 239, 240 of the Act, 8 U.S.C. §§ 1229, 1229a (Supp. II 1996), *enacted by* IIRIRA § 304, 110 Stat. at 3009-587.

asserts that these proceedings should be reopened to allow the respondent to adjust her status based on the approved visa petition filed on her behalf by her United States citizen husband.

## II. ISSUES PRESENTED

The issues in this case are: (1) whether the regulatory language at 8 C.F.R. § 3.23(b)(4)(iii) contains time or numerical limitations on an alien who wishes to file a motion to reopen to vacate an outstanding order of deportation entered in absentia pursuant to section 242(b) of the Act; (2) whether the "exceptional circumstances" standard set forth at 8 C.F.R. § 3.23(b)(4)(iii)(A)(1) is properly applied to motions seeking to reopen deportation proceedings conducted in absentia pursuant to section 242(b) of the Act in order to vacate the underlying order; and (3) whether proceedings should be reopened to allow the respondent to pursue her request for new, previously unavailable relief in the form of adjustment of status.

## III. ANALYSIS

We find that the regulatory language at 8 C.F.R. § 3.23(b)(4)(iii) imposes no time or numerical limitations on an alien who wishes to file a motion to reopen to vacate an underlying order of deportation entered pursuant to section 242(b) of the Act. We recently reached the same result in the context of *exclusion* proceedings. *See Matter of N-B-,* 22 I&N Dec. 590 (BIA 1999).

As we observed in *Matter of N-B-, supra*, federal regulations govern time and numerical limitations on motions to reopen removal, deportation, and exclusion proceedings. The regulation at 8 C.F.R. § 3.23(b)(1) provides generally that "[a] motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later." *See also* 8 C.F.R. § 3.2(c)(2) (1999) (regarding motions to reopen or reconsider filed with the Board). Furthermore, 8 C.F.R. § 3.23(b)(1) states that, with certain exceptions, "a party may file only one motion to reconsider and one motion to reopen proceedings." One such exception exists for a motion to reopen in the asylum context based on changed country conditions. 8 C.F.R. § 3.23(b)(4)(i); *Matter of J-J-,* 21 I&N Dec. 976 (BIA 1997). Additionally, no time and numerical limitations apply to a motion to reopen that is agreed upon by all parties and jointly filed. 8 C.F.R. § 3.23(b)(4)(iv).

The regulation at 8 C.F.R. § 3.23(b)(4)(iii)(A) contains a different time frame for motions seeking to reopen deportation proceedings that were conducted in absentia. *See* 8 C.F.R. § 3.23(b)(4)(iii)(D). The regulation first

permits an alien to file such a motion to reopen within 180 days of the in absentia deportation order if the alien demonstrates "exceptional circumstances" for failing to appear. 8 C.F.R. § 3.23(b)(4)(iii)(A)(1). The regulation also allows an alien to file a motion at any time if the alien demonstrates that proper notice was not given or that he or she was in federal or state custody and the failure to appear was not the alien's fault. 8 C.F.R. § 3.23(b)(4)(iii)(A)(2). In *Matter of Mancera*, 22 I&N Dec. 79 (BIA 1998), we discussed this regulation and found that the alien, who had been ordered deported in absentia pursuant to section 242(b) of the Act, had proved a lack of proper notice. We therefore found that the alien's motion to reopen was excepted from the regulatory time limitations on motions. *Id.*

Guided in part by our holding in *Matter of N-B-, supra*, we find in the instant case that the applicable regulations contain a gap that does not provide an explicit time and numerical exception for motions to reopen deportation proceedings conducted in absentia pursuant to section 242(b) of the Act.[2] We find that the regulation at 8 C.F.R. § 3.23(b)(4)(iii)(A)(1) applies only to deportation proceedings conducted in absentia pursuant to section 242B of the Act, 8 U.S.C. § 1252b (Supp. II 1990). As previously noted, Congress added section 242B to the Act via the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 ("1990 Act"). The regulation at 8 C.F.R. § 3.23(b)(4)(iii)(A)(1) mirrors the statutory language of section 242B(c)(3)(A) of the Act, which sets a 180-day time limitation on certain motions to reopen deportation proceedings conducted in absentia. The statutory language found in section 242(b) of the Act contains no time or numerical limitation for motions to reopen proceedings conducted in absentia. Additionally, the regulation at 8 C.F.R. § 3.23(b)(4)(iii)(A)(1) applies the "exceptional circumstances" standard for reopening found in section 242B(c)(3)(A) of the Act instead of the "reasonable cause" standard in section 242(b) of the Act.

It appears that the drafters of 8 C.F.R. § 3.23 focused on updating the regulation to conform to the applicable changes in the law made by the 1990 Act, which added section 242B to the Act. *See* Motions and Appeals in Immigration Proceedings, 61 Fed. Reg. 18,900, 18,903 (1996). The

---

[2]The law governing motions to reopen *exclusion* proceedings conducted in absentia traditionally has corresponded with the law governing motions to reopen *deportation* proceedings conducted in absentia pursuant to section 242(b) of the Act. For example, the Board, relying on the statutory language of section 242(b) of the Act (governing deportation proceedings), has required aliens filing such motions in either type of proceeding to show that "reasonable cause" excused their absence from a scheduled hearing. *See Matter of R-R-,* 20 I&N Dec. 547, 549 (BIA 1992) (deportation proceedings conducted pursuant to section 242(b) of the Act); *Matter of Ruiz,* 20 I&N Dec. 91, 92-93 (BIA 1989) (exclusion proceedings).

Supplementary Information introducing the amendments to the regulation discusses, among other legal issues, motions to reopen and direct appeals in the context of deportation proceedings under section 242B of the Act, as well as exclusion proceedings under section 236 of the Act, 8 U.S.C. § 1226 (1994). However, the Supplementary Information does not implicitly or explicitly discuss motions to reopen proceedings conducted in absentia pursuant to section 242(b) of the Act.

Construing the existing regulatory language, we find that the motions regulations set no time or numerical limitations on aliens seeking to reopen deportation proceedings conducted in absentia pursuant to section 242(b) of the Act for the purpose of vacating the underlying order of deportation.[3] *See Matter of N-B-, supra,* at 592. We reaffirm our holding in *Matter of Mancera, supra*, insofar as we held that a motion to reopen deportation proceedings conducted in absentia pursuant to section 242(b) of the Act that demonstrates a lack of notice is excepted from the regulatory time limitations on motions to reopen. Furthermore, we find that when aliens are seeking to reopen deportation proceedings conducted in absentia pursuant to section 242(b) of the Act in order to vacate the outstanding deportation order, it is appropriate to apply the "reasonable cause" standard, not the "exceptional circumstances" standard set forth in section 242B of the Act. *See Matter of R-R-,* 20 I&N Dec. 547 (BIA 1992); *Matter of Patel*, 19 I&N Dec. 260 (BIA 1985), *aff'd*, 803 F.2d 804 (5th Cir. 1986); *Matter of Marallag*, 13 I&N Dec. 775 (BIA 1971).

In the instant case, the Immigration Judge erroneously applied the "exceptional circumstances" standard to the respondent's case. The respondent, whose deportation hearing was not governed by section 242B of the Act, need only have shown that she had "reasonable cause" for missing her scheduled deportation hearing. Nonetheless, the respondent's motion to reopen with the Immigration Judge failed to assert any "reasonable cause" for her failure to appear. On appeal, the respondent argues for the first time that she was represented at her hearing by an attorney who was suspended and who did not effectively represent her. Even if we were to consider this argument—advanced for the first time on appeal—we must reject it, as the respondent has not complied with the requirements for proving ineffective assistance that were set forth in *Matter of Lozada*, 19 I&N Dec. 637 (BIA), *aff'd*, 857 F.2d 10 (1st Cir. 1988). We note that the respondent has not

---

[3]We emphasize that our decision in the instant case fills in the regulatory gap that exists in the current regulation. Nothing prevents the Department of Justice from revising the current regulation to fill the regulatory gap in a manner that would create specific restrictions on motions to reopen deportation proceedings conducted in absentia pursuant to section 242(b) of the Act. *See Matter of N-B-, supra*, at 593 n.2.

alleged that she failed to receive proper notice of her hearing. *See Matter of Munoz-Santos*, 20 I&N Dec. 205 (BIA 1990) (discussing notice under section 242(b) of the Act); *Matter of Lopez-Barrios*, 20 I&N Dec. 203 (BIA 1990) (same). In light of the foregoing, we find that the respondent has not shown that reopening should be allowed for the purpose of vacating the underlying order of deportation, which was entered in absentia pursuant to section 242(b) of the Act.

Alternatively, the respondent continues to request reopening of these proceedings to apply for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1994). In *Matter of M-S-*,22 I&N Dec. 349 (BIA 1998), we held that deportation proceedings conducted in absentia pursuant to section 242B of the Act may be reopened to allow an alien to apply for new, previously unavailable relief if the alien's motion to reopen is filed according to the regulatory requirements at 8 C.F.R. §§ 3.2(c) and 3.23(b)(3). We need not decide in the instant case whether to extend our holding in *Matter of M-S-* to these deportation proceedings, which were conducted in absentia pursuant to section 242(b) of the Act. Insofar as the respondent's motion to reopen requested an adjudication of her application for adjustment of status, the motion was untimely because it was not filed by September 30, 1996. *See* 8 C.F.R. § 3.23(b)(1); *see also Matter of M-S-, supra* (discussing the regulatory requirements for filing a motion requesting new relief).

## IV. CONCLUSION

Accordingly, we conclude that the respondent's motion to reopen to vacate the outstanding order of deportation entered in absentia pursuant to section 242(b) of the Act was not barred by the regulatory time or numerical limitations. However, the respondent did not establish that "reasonable cause" or a lack of notice excused her absence from the scheduled hearing. Insofar as the respondent's motion requested reopening to apply for new relief, the motion was not timely filed.

Accordingly, the following order will be entered.

**ORDER:** The appeal is dismissed.

Michael J. Heilman, Board Member, did not participate in the decision in this case.