IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2007

Charles R. Fulbruge III
Clerk

No. 07-60032
Summary Calendar

CAROLINA ZAPATA

Petitioner

v.

MICHAEL B. MUKASEY, U S  ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 934 977

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carolina Zapata, a native and citizen of Colombia, petitions this court to review the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the Immigration Judge's (IJ) denial of her motion to reopen her deportation proceedings. Zapata had moved to reopen her case on the basis of her mother's availability to testify and documentary evidence that her relatives received asylum in Canada. The IJ determined, and the BIA agreed, that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence Zapata sought to introduce was not unavailable to her prior at her immigration hearing.

Zapata asserts that the evidence was both new and material. Zapata admits that the evidence regarding her relatives' refugee status in Canada was available to her before her deportation hearing. Zapata also has not shown that the testimony her mother would have offered could not have been given via affidavit in her deportation proceeding. Therefore, Zapata has not demonstrated that any evidence she sought to present in her motion to reopen was previously unavailable. Because the evidence was not previously unavailable, the BIA did not abuse its discretion in denying Zapata relief. 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3); Waggoner v. Gonzales, 488 F.3d 632, 639 (5th Cir. 2007).

Zapata argues that the BIA abused its discretion when it did not consider her asylum claim in its opinion. Zapata, however, filed a timely notice of appeal only from the IJ's denial of the motion to reopen, in which Zapata had specifically moved for her case to be reopened "due to the availability of new evidence that establishes [her] eligibility for withholding of removal."

Finally, Zapata argues that the BIA abused its discretion for not ruling on the ineffective assistance of counsel claim that she raised for the first time in her appeal of the denial of her motion to reopen. The BIA ordinarily does not entertain claims raised for the first time on appeal. In re: J-Y-C-, 24 I. & N. Dec. 260, 266 n.1 (BIA 2007). However, even if it were to consider an ineffective assistance claim that was raised for the first time in the appeal of the denial of a motion to reopen, the alien would have to demonstrate that she met the requirements of Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1998). See In re: Cruz-Garcia, 22 I. & N. Dec. 1155, 1159 (BIA 1999) (en banc). Zapata admits that she has not done so. Zapata's petition for review is DENIED.