# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 28, 2011

Lyle W. Cayce
Clerk

No. 09-60955

YOLANDA ELIZABETH LEMUS–REYES,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before KING, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Yolanda Lemus–Reyes petitions this court for review of the Board of Immigration Appeals' order affirming the Immigration Judge's dismissal of a motion to reopen her deportation proceedings, in which Lemus–Reyes had been ordered deported *in absentia*. The Board held that the Immigration Judge lacked jurisdiction to consider the motion because jurisdiction over the proceedings had vested with the Board by virtue of an earlier appeal by Lemus–Reyes from a prior denial by the Immigration Judge of a motion to reopen. We deny Lemus–Reyes' petition for review.

No. 09-60955

## I. BACKGROUND

Petitioner Yolanda Lemus–Reyes is a native citizen of Guatemala who entered the United States in September 1988, when she was 16 years old.  She was detained by Immigration and Naturalization Service ("INS") officers and served with an Order to Show Cause, alleging that she was subject to deportation under former section 241(a)(2) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(2) (1988), for entering the United States without inspection.  In October 1988, the Executive Office for Immigration Review in Harlingen, Texas mailed Lemus–Reyes a Notice to Appear for her deportation hearing, but she did not receive it.  Lemus–Reyes did not appear at the scheduled hearing on October 25, 1988, and the Immigration Judge ("IJ") ordered her deported *in absentia*.

Lemus–Reyes learned of the deportation order in 2001, when she unsuccessfully applied for an adjustment of her immigration status on the basis of her marriage to a United States citizen.  In 2002, Lemus–Reyes filed a motion in the Immigration Court to reopen her deportation proceedings and to rescind her *in absentia* deportation order, contending that she had not received notice of the hearing because the notice was sent to the wrong address.  The IJ denied the motion on February 13, 2003, finding that, even if notice had been sent to the wrong address, Lemus–Reyes failed to prove that she actually resided during the relevant period at the address that she had given to the INS.  Lemus–Reyes appealed to the Board of Immigration Appeals ("Board").  On March 25, 2004, the Board adopted and affirmed the IJ's decision, dismissing the appeal.

In December 2006, nearly two years later, Lemus–Reyes filed a motion with the Board to reopen the Board's decision on the basis that she had received

No. 09-60955

ineffective assistance of counsel.  The Board denied the motion as untimely.  *See* 8 C.F.R. § 1003.2(c)(2) (in general, a motion to reopen any matter previously the subject of a final decision by the Board must be filed no later than 90 days after the date of that decision).

In June 2008, Lemus–Reyes  filed a second motion with the IJ to reopen and rescind the 1988 *in absentia* deportation order.  Lemus–Reyes argued again that she did not receive notice of her deportation hearing, and maintained that during the relevant period, she resided at the address that she had given to the INS.  She also argued that she received ineffective assistance of counsel in her previous effort to reopen proceedings.  The IJ denied the motion to reopen, holding that he did not have jurisdiction over the proceedings because jurisdiction vested with the Board when Lemus–Reyes appealed from the IJ's denial of her first motion to reopen the underlying deportation proceedings in 2003.  Lemus–Reyes appealed to the Board, challenging the IJ's determination that it did not have jurisdiction over her second motion to reopen.

The Board noted that, under agency regulations, its jurisdiction commences upon the filing of an appeal, and that it retains jurisdiction over any matter if it is the last body to render a decision.  *See* 8 C.F.R. §§ 1003.1(b), 1003.2(a), 1003.23(b)(1).  Because the Board was the last body to render a decision in Lemus–Reyes' deportation proceedings, the Board held that the IJ correctly concluded that jurisdiction over the proceedings had vested with the Board, and that the IJ therefore lacked jurisdiction to consider Lemus–Reyes' second motion to reopen.  Accordingly, the Board affirmed the IJ's decision and dismissed Lemus–Reyes' appeal.  Lemus–Reyes petitioned this court for review

No. 09-60955

of the Board's conclusion that the IJ lacked jurisdiction to hear her second motion to reopen.

## II. DISCUSSION

We apply a "highly deferential abuse of discretion standard" when reviewing the Board's denial of a motion to reopen. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). We will affirm the Board's decision as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (citation and internal quotation marks omitted). Although we review the Board's conclusions of law *de novo*, where the Board's conclusion "embodies the Board's interpretation of an ambiguous provision of a statute that it administers," the Board's interpretation "is entitled to the deference prescribed by *Chevron U.S.A. Inc. v. Natural Resources Defense Council*[, 467 U.S. 837 (1984)]." *Singh*, 436 F.3d at 487. Similarly, "[c]ourts grant an agency's interpretation of its own regulations considerable legal leeway." *Navarro–Miranda v. Ashcroft*, 330 F.3d 672, 675 (5th Cir. 2003) (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)). "However, while an agency interpretation of a regulation is entitled to due deference, the interpretation must rationally flow from the language of the regulation." *Id*. (citation and internal quotation marks omitted).

Lemus–Reyes' deportation proceedings were conducted *in absentia* under former section 242(b) of the Immigration and Nationality Act (INA), formerly

No. 09-60955

codified at 8 U.S.C. § 1252(b).[1] *See In re Gonzalez–Lopez*, 20 I. & N. Dec. 644, 646 (BIA 1993) (procedures in section 242(b) of the INA apply "where an in absentia order is made in . . . deportation proceedings following service or attempted service of the notice of a hearing, for which the alien failed to appear, made prior to June 13, 1992"). Under this section:

> If any alien has been given a reasonable opportunity to be present at a [deportation] proceeding under this section and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present.

8 U.S.C. § 1252(b) (1988). Where an immigration judge conducts a deportation hearing *in absentia*, an alien can move to have the immigration judge reopen the proceedings, which will be granted where the alien demonstrates "reasonable cause" for her failure to appear at the previous hearing. *Williams–Igwonobe v. Gonzales*, 437 F.3d 453, 455 (5th Cir. 2006) (citing *In re Haim*, 19 I. & N. Dec. 641, 642 (BIA 1988)). An alien moving to reopen must present new evidence that was not available to the IJ when he made his initial decision. *Haim*, 19 I. & N. Dec. at 642.

No time or numerical limits apply to motions to reopen proceedings to vacate an order of deportation entered *in absentia* pursuant to former section 242(b) of the INA. *See In re Cruz–Garcia*, 22 I. & N. Dec. 1155, 1159 (BIA 1999). Consequently, Lemus–Reyes was entitled, in theory, to file a second motion to reopen with the IJ to seek rescission of her *in absentia* order of deportation, and there was no time limit for her to do so. At issue in this case is whether, once

---

[1] Section 242(b) of the INA has been superseded by subsequent statutory amendments. *See In re Cruz–Garcia*, 22 I. & N. Dec. 1155, 1156 n.1 (BIA 1999).

No. 09-60955

Lemus–Reyes appealed to the Board from the IJ's denial of her first motion to reopen, jurisdiction over the proceedings vested with the Board, depriving the IJ of jurisdiction to consider her second motion to reopen.

The Board's position in this case is consistent with agency regulations and the Board's interpretation thereof, which provide that an IJ has jurisdiction to consider motions to reopen only until an appeal has been filed with the Board. *See* 8 C.F.R. § 1003.23(b)(1) ("An Immigration Judge may . . . reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals."); *see also In re Valles–Perez*, 21 I. & N. Dec. 769, 771 (BIA 1997) ("It is normally true in immigration proceedings that once an appeal is filed with the Board of Immigration Appeals, the Immigration Court . . . loses jurisdiction over the matter."); *In re Patino*, 23 I. & N. Dec. 74, 76 (BIA 2001) ("[w]ithin the bounds of statute and regulation, and until such time as an appeal is properly before the Board, the Immigration Judge has continuing jurisdiction to entertain motions regarding proceedings that were previously before the Immigration Judge").  The regulations further provide that the Board has jurisdiction to reopen and reconsider cases "in which it has rendered a decision," and that a "request to reopen or reconsider any case in which a decision has been made by the Board . . . must be in the form of a written motion to the Board." 8 C.F.R. § 1003.2(a).  Accordingly, the Board has held that once an appeal has been filed with the Board, all subsequent motions must be filed with the Board.  *See In re Aviles*, 15 I. & N. Dec. 588, 588 (BIA 1976).

The Board relied on these regulations, as well as its prior caselaw, in concluding that the IJ lacked jurisdiction over Lemus–Reyes' second motion to

No. 09-60955

reopen with the IJ because the Board was the last to render a decision in the case. *See* 8 C.F.R. § 1003.2(a); *In re Mladineo*, 14 I. & N. Dec. 591, 592 (BIA 1974).

Lemus–Reyes has put forth no basis for finding the Board's interpretation of the governing regulations in this context to be unreasonable. Moreover, the Board's position in this case does not conflict with *Cruz–Garcia*'s holding that agency regulations impose no numerical or time limits on motions to reopen *in absentia* deportation proceedings conducted under former INA section 242(b). 22 I. & N. Dec. at 1159. Considered together with 8 C.F.R. § 1003.23(b)(1), which provides that an Immigration Judge may reopen proceedings until jurisdiction is vested with the Board, *Cruz–Garcia* and the Board's decision in this case may be read as requiring an alien seeking rescission of a deportation order entered *in absentia* to make a strategic choice after the IJ's denial of an initial motion to reopen. Pursuant to *Cruz–Garcia*, the alien can move to file a second motion to reopen with the IJ, presenting any new evidence that was not previously available, or she can appeal the IJ's order to the Board, giving up the right to file a second motion with the IJ. *Cf. Patino*, 23 I. & N. Dec. at 76–77 (noting that there are "tactical differences" between filing an appeal to the Board and filing a motion to reopen with the IJ, and concluding that "the decision to file a motion or a direct appeal is a litigation strategy that we leave to the discretion of the filing party").

Lemus–Reyes contends that the Board's decision in her case represented an unreasonable, arbitrary, and capricious departure from its prior position in *Singh v. Gonzales*. In *Singh*, we held in relevant part that the Board reasonably concluded that an alien's motion to reopen his removal proceedings in order to

7

No. 09-60955

rescind the IJ's *in absentia* order of removal could only be filed with the IJ. 436 F.3d at 489. In that case, an alien attempted to file a second motion to reopen with the Board, and the Board construed that motion as a motion to reopen the Board's dismissal of the alien's appeal from a prior decision of the IJ, rather than as a new motion to reopen the underlying removal proceedings. Id.

Singh is inapposite here. Contrary to Lemus–Reyes' contentions, the Board in this case did not hold that it had exclusive jurisdiction over her motions to reopen her deportation proceedings—a holding that would appear to conflict with *Singh*. Rather, the Board merely held that the IJ could not adjudicate Lemus–Reyes' *second* motion to reopen because jurisdiction already had vested with the Board. This holding does not conflict with *Singh*'s holding that, as a general matter, motions to reopen *in absentia* removal orders must be presented to the IJ, and not the Board. Furthermore, while *Singh* holds that motions to reopen an IJ's *in absentia* order must be filed with the IJ, *Singh* does not hold that an alien may file a *second* motion to reopen with the IJ following an appeal to the Board from a prior decision of the IJ. *Singh* thus left unanswered whether an alien entitled to file a second motion to reopen an *in absentia* deportation order may return to the IJ after jurisdiction has vested with the Board.

Given our deferential standard of review, and given that Lemus–Reyes has not supported her assertion that the Board's position is unreasonable, we find that the Board did not abuse its discretion in holding that Lemus–Reyes' appeal to the Board from the IJ's denial of her first motion to reopen deprived the IJ of jurisdiction to adjudicate a subsequent motion to reopen. In arriving at its conclusion, the Board relied on agency regulations, as well as the Board's prior decisions, and we cannot say its decision was "so irrational that it is

8

No. 09-60955

arbitrary rather than the result of any perceptible rational approach," *Singh*, 436 F.3d at 487, or that its interpretation of the relevant regulations does not "rationally flow from the language" of those regulations, *Navarro–Miranda*, 330 F.3d at 675 (5th Cir. 2003).

## III.  CONCLUSION

Lemus–Reyes' petition for review is therefore DENIED.