# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2011

No. 10-60574
Summary Calendar

Lyle W. Cayce
Clerk

FRANK REYNALDO GUERRERO-ARIAS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029-417-608

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Frank Reynaldo Guerrero-Arias (Guerrero), a citizen of the Dominican Republic, petitions this court for review from the Board of Immigration Appeals' (BIA) decision dismissing the Immigration Judge's (IJ) denial of his motion to reopen immigration proceedings in which he was ordered removed in absentia. We generally review only the decision of the BIA, except to the extent that the IJ's decision influenced the BIA's decision. *See Carbajal-Gonzales v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). The BIA's conclusions of law are reviewed de

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

novo, but this court "defer[s] to the BIA's interpretations of immigration regulations if that interpretation is reasonable." *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006). "[U]nder the substantial-evidence test, . . . this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

The denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Under this standard, this court must affirm the BIA's decision as long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted).

Because Guerrero's deportation hearing was held before June 13, 1992, his motion to reopen should be granted if he can show reasonable cause for his failure to appear at the deportation hearing. *See Williams-Igwonobe v. Gonzales*, 437 F.3d 453, 455 & n. 1 (5th Cir.2006); *In re Cruz-Garcia*, 22 I.&N. Dec. 1155, 1156 & n. 1, 1159 (BIA 1999). Guerrero argues that he did not appear because he did not receive notice of the hearing. He argues that the BIA erred in wholly discounting the affidavits he submitted in support of his motion to reopen. He further contends that the BIA's decision failed to apply the proper standard as set forth in *Matter of M-R-A,* 24 I.&N. Dec. 665 (BIA 2008), and made no reference to this court's decision in *Maknojiya v. Gonzales*, 432 F.3d 588, 589-90 (5th Cir. 2005).

Proof that notice was sent by regular mail creates a slight presumption that the notice was delivered and actually received by the person to whom it was addressed. *Matter of M-R-A-,* 24 I.&N. Dec. at 672-73. Contrary to Guerrero's arguments, the BIA's decision expressly relied on both *Maknojiya* and *Matter of M-R-A* and applied the weaker presumption applicable to notices sent by regular

mail as opposed to certified mail. This case is thus distinguishable from *Maknojiya*, 432 F.3d at 589-90, in which this court remanded to the BIA because the IJ incorrectly applied a strong presumption of delivery and disregarded affidavits of both respondent and counsel.

Although the BIA's decision did not expressly mention Guerrero's affidavit, the BIA's decision explicitly addressed the aunt's affidavit and implicitly took note of Guerrero's affidavit. The BIA's decision does not suggest that the BIA erroneously concluded that Guerrero's affidavit was insufficient as a matter of law to rebut the weaker presumption of delivery that attaches to regular mail. The BIA was not required to find either Guerrero's affidavit or the affidavit of the aunt to be credible. To the extent that Guerrero argues that the BIA failed to mention his counsel's affidavit, the affidavit does not reflect that the attorney was personally knowledgeable "about the facts relevant to whether notice was received." *Matter of M-R-A-,* 24 I.&N. Dec. at 674.

To the extent that Guerrero argues, for the first time in this court, that the record contains no proof that the hearing notice or deportation order were actually mailed, this court lacks jurisdiction to address the argument because it was not raised before the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

The evidence does not compel a finding that Guerrero did not receive the notice of the hearing that was mailed to his address of record. *See Gomez-Palacios,* 560 F.3d at 358. Guerrero has failed to show that the BIA's decision is utterly without foundation or arbitrary. *See Singh*, 436 F.3d at 487. Accordingly, Guerrero's petition for review is DENIED.