FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO JAVIER BORJAS-SALINAS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72799 <br><br> Agency No. A028-533-781 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Francisco Javier Borjas-Salinas, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") denial of his motion to rescind and

reopen deportation proceedings conducted in absentia. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Urbina-Osejo v. INS*, 124 F.3d 1314, 1316 (9th Cir. 1997). We grant the petition for review and remand.

Former 8 U.S.C. § 1252(b) governs in this matter because Borjas-Salinas' order to show cause was served prior to June 13, 1992. *See Lahmidi v. INS*, 149 F.3d 1011, 1013-14 (9th Cir. 1998). Under former 8 U.S.C. § 1252(b), if an alien has been given a reasonable opportunity to be present at a proceeding, and without "reasonable cause" fails to attend, the IJ may order the alien deported in absentia, *see Urbina-Osejo*, 124 F.3d at 1316, and there are no time or numerical limitations on aliens seeking to reopen deportation proceedings conducted in absentia for the purpose of vacating the underlying order of deportation entered pursuant to former 8 U.S.C. § 1252(b), *see Matter of Cruz-Garcia*, 22 I. & N. Dec. 1155, 1159 (BIA 1999).

Here the BIA did not apply the correct "reasonable cause" standard. *See Urbina-Osejo*, 124 F.3d at 1316. In addition, it is unclear whether the BIA misapplied the timeliness requirement to Borjas-Salinas' motion to rescind and reopen his deportation proceedings, *see Matter of Cruz-Garcia*, 22 I. & N. Dec. at 1159, or whether it was applying the timeliness requirement to the extent Borjas-Salinas seeks to reopen solely to apply for new relief, *see cf.* 8 C.F.R.

§ 1003.23(b)(1) (a motion to reopen to apply for relief must be filed within 90 days of the date of the final administrative order of deportation or on or before September 30, 1996, whichever is later).

The agency did not address Borjas-Salinas' contention that the order to show cause did not inform him that he was required to provide a record of a change of address. *See Urbina-Osejo*, 124 F.3d at 1317 ("reasonable cause" existed for failure to appear at deportation hearing when the alien did not receive the hearing notice due to change of address, and the alien was not informed of requirement to provide a change of address). Nor does it appear that the agency considered the evidence Borjas-Salinas submitted to rebut the presumption of delivery. *See id.* at 1317 (requiring the petitioner to present substantial and probative evidence that delivery was improper or that nondelivery was not due to the failure to provide a correct address where he could receive mail); *Arrieta v. INS*, 117 F.3d 429, 432 (9th Cir. 1997) (per curiam) (The agency must consider "evidence submitted by an alien which supports the defense of nondelivery or improper delivery of the notice.")

Accordingly, the agency abused its discretion, and we remand for the agency to address Borjas-Salinas's contentions and apply the standards under former 8 U.S.C. § 1252(b). *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)

(the agency abuses its discretion if it acts in an arbitrary or irrational fashion, renders a decision that is contrary to governing law, or neglects to give a reasoned explanation for its decision).

In light of this disposition, we do not reach Borjas-Salinas' remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**