**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORNA M. RESULTAY, AKA Marie Luisa Ledesma,<br><br>           Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 13-71278<br><br>Agency No. A072-782-793<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Lorna M. Resultay, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reconsider and reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of motions to reconsider and reopen, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reconsider as untimely where Resultay filed her motion more than two years after the BIA's August 30, 2010, order dismissing her appeal of an immigration judge's decision denying her motion to reopen to rescind her deportation order. *See* 8 C.F.R. § 1003.2(b)(2) (a motion to reconsider must be filed with the BIA within 30 days after the mailing of the BIA's decision).

To the extent Resultay's motion sought reopening to apply for new relief, the BIA did not abuse its discretion in denying the motion as untimely where it was filed more than 16 years after the September 30, 1996, deadline. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of the date of the final administrative order of deportation or on or before September 30, 1996, whichever is later); *see also Matter of Cruz-Garcia*, 22 I. & N. Dec. 1155, 1160 (BIA 1999) (concluding that alien's motion to reopen to consider adjustment of status was untimely because the motion had not been filed by September 30, 1996).

The BIA also did not abuse its discretion in determining reopening was not warranted on the basis of ineffective assistance of counsel where Resultay failed to establish prejudice from the alleged ineffective assistance of the attorney who

previously represented her on appeal to the BIA and this court. *See Correa-Rivera v. Holder*, 706 F.3d 1128, 1133 (9th Cir. 2013) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice).

We lack jurisdiction to consider Resultay's new arguments regarding rescission of her underlying order of deportation entered pursuant to former 8 U.S.C. § 1252(b), because she failed to raise these arguments to the BIA and therefore failed to exhaust her administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004); *see also Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) (BIA is not required to reach an issue when a petitioner has not properly raised the argument).

We also lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen Resultay's deportation proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

Resultay's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**