**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIAS LOPEZ-CARTAGENA, | No. 05-76716 |
| Petitioner, | Agency No. A029-565-254 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Elias Lopez-Cartagena, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") order denying his motion to reopen deportation

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, and we review de novo due process claims and questions of law. *Hernandez-Vivas v. INS*, 23 F.3d 1557, 1560 (9th Cir. 1994). We deny the petition for review.

The agency applied the correct legal standard and did not abuse its discretion in denying Lopez-Cartagena's motion to reopen to rescind his in absentia deportation order on the ground that he failed to establish reasonable cause for his absence at his deportation hearing. *See* 8 U.S.C. § 1252(b) (1989) (petitioner must establish "reasonable cause" for failure to appear); *Matter of Cruz-Garcia*, 22 I. & N. Dec. 1155, 1159 (BIA 1999) (no time or numerical limitations on aliens seeking to reopen deportation proceedings conducted in absentia for the purpose of vacating the underlying order of deportation entered pursuant to former 8 U.S.C. § 1252(b)).

The record belies Lopez-Cartagena's contention that the agency erred in construing his motion as an untimely motion to reopen to apply for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). *See* 8 C.F.R. § 1003.43(e)(1)-(2). Lopez-Cartagena's purported eligibility for other forms of relief did not require the agency to reopen his deportation proceedings in the absence of a timely motion to reopen. *See* 8 C.F.R. § 1003.23(b)(1) (a motion to reopen to apply for relief must be filed within 90 days of the date of the final

administrative order of deportation or on or before September 30, 1996, whichever is later).

In light of this disposition, we need not reach Lopez-Cartagena's remaining contentions.

**PETITION FOR REVIEW DENIED.**