[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10128

Non-Argument Calendar

_____

JOSE ALARCON-ARCA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A018-203-535

_____

Before Rosenbaum, Brasher, and Abudu, Circuit Judges.

PER CURIAM:

Jose Alarcon-Arca petitions for review of the Board of Immigration Appeals' denial of his motion to reopen his deportation proceedings as untimely. He argues that his motion was not untimely because his deportation proceedings commenced prior to the promulgation of regulations imposing time limitations. Because the regulation applies retroactively, we deny the petition.

**I.**

Alarcon-Arca, a Cuban native, was paroled into the United States in 1968 and received lawful permanent resident status in 1977. In 1986, he was issued an order to show cause and charged as removable under former 8 U.S.C. § 1231 for being convicted of two crimes involving moral turpitude. Two years later, an immigration judge ordered Alarcon-Arca deported and denied his requests for asylum and withholding of deportation. In 1989, the Board remanded the case to the immigration judge for a new hearing, and the immigration judge again issued a deportation order and determined that Alarcon-Arca was ineligible for his requested relief. The Board dismissed his appeal in 1993.

In 2023, Alarcon-Arca filed a motion with the Board to reopen his deportation proceedings, seeking an adjustment of status under the Cuban Adjustment Act, Pub. L. No. 89-732, and a waiver of admissibility under 8 U.S.C. § 1182(h). The Board denied his

motion as untimely because he filed it more than 90 days after September 30, 1996, which means that his motion was time barred by 8 U.S.C. § 1229a(c)(7)(C).

Alarcon-Arca now appeals the Board's decision.

## II.

We review the Board's denial of a motion to reopen for an abuse of discretion, although we "review any underlying legal conclusions *de novo.*" *Dacostagomez-Aguilar v. U.S. Att'y Gen.*, 40 F.4th 1312, 1315 (11th Cir. 2022).

## III.

When Congress passed the Immigration Act of 1990, it directed the Attorney General to establish time limits for filing motions to reopen removal proceedings. *Avila-Santoyo v. U.S. Atty. Gen.,* 713 F.3d 1357, 1361 (11th Cir. 2013) (citing Immigration Act of 1990, Pub. L. No. 101–649, § 545(d), 104 Stat. 4978, 5066 (1990)). As a result, the Board promulgated 8 C.F.R. § 1003.2(c)(2), which states that a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." This rule became effective on July 1, 1996. Executive Office for Immigration Review; Motions and Appeals in Immigration Proceedings, 61 FR 18,900-01 at 18,900, 18,908 (Apr. 29, 1996).

Alarcon-Arca filed his motion to reopen in 2023, nearly 30 years after September 1996 and well after the 90-day window to file

4                    Opinion of the Court                  24-10128

the motion. In an attempt to salvage his motion, he argues that the time limitations do not apply to his motion because his deportation proceedings began before the regulation became effective.

To support this argument, Alarcon-Arca relies on an out-of-circuit opinion that did not apply the time limitations to an *in absentia* deportation order issued after 1992. *See Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953–55 (5th Cir. 2012) (citing *In re Cruz-Garcia*, 22 I. & N. Dec. 1155, 1156 n.1, 1159 & n.3 (B.I.A. 1999)). In *Rodriguez-Manzano*, the Fifth Circuit explained that the time constraints found within Section 1003.2(c)(2) did not apply because the underlying proceedings predated the regulation's enactment. 666 F.3d at 954–55. A key factor in the Fifth Circuit's decision was that the petitioner was ordered removed *in absentia*. *Id*. at 950. In reaching its decision, the court relied on a Board decision that determined "that the motions regulations set no time or numerical limitations on aliens seeking to reopen deportation proceedings conducted *in absentia*[.]" *In re Cruz-Garcia*, 22 I. & N. Dec. at 1159 (emphasis added); *see Rodriguez-Manzano*, 666 F.3d at 954. As the Board explained in *Cruz-Garcia*, "a motion to reopen deportation proceedings conducted in absentia . . . that demonstrates a lack of notice is excepted from the regulatory time limitations on motions to reopen." *In re Cruz-Garcia*, 22 I. & N. Dec. at 1159.

The Fifth Circuit's reasoning does not apply here. Alarcon-Arca was not ordered removable *in absentia*; he was present for the hearing. Therefore, even if the Fifth Circuit's opinion were binding

precedent on this Court—which it isn't—the decision would not support Alarcon-Arca's argument.

Our own caselaw, however, resolves this issue against Alarcon-Arca. In *Mejia Rodriguez v. Reno*, 178 F.3d 1139 (11th Cir. 1999), we agreed with the Board's denial of the petitioner's motion to reopen his deportation proceedings as untimely, even though his proceedings commenced before the regulations were enacted. 178 F.3d at 1145. Specifically, we determined that "[t]he BIA correctly concluded that Mejia's motions were untimely" under its regulations—and without reaching his ineffective assistance argument—because "Mejia did not file his motion to reopen until September 26, 1997—many more than 90 days after his final deportation order, which was entered in 1994, and almost a year after the September 30, 1996[,] deadline." *Id.*

We see no reason to reach a different conclusion here. True, the Supreme Court has emphasized that "regulations ordinarily are not to be given retroactive effect" and "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Wright v. Dir., Fed. Emergency Mgmt. Agency*, 913 F.2d 1566, 1572 (11th Cir. 1990) (citing *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208 (1988)). But, here, the regulation's language plainly contemplates retroactive effect. The rule became effective on July 1, 1996, and it specifies that motions to reopen must be filed within 90 days of the final administrative decision or by September 30, 1996, whichever is later. 8 C.F.R. § 1003.2(c)(2). September 30 is only 91 days after July 1. By

specifying a deadline at the later of 90 days or September 30, the regulation clearly contemplated that it would apply to already re-solved or then-pending matters.

## IV.

Because the regulation applies retroactively, Alarcon-Arca's motion was untimely. Accordingly, we deny the petition for re-view.

**PETITION DENIED**.