Kaur v. Holder
BIA
Hom, IJ
A073 489 222

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*.

_____

GURBAX KAUR,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

11-3356-ag
NAC

_____

FOR PETITIONER: Jaspreet Singh, Jackson Heights, N.Y.

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurbax Kaur, a native and citizen of India, seeks review of the July 20, 2011, order of the BIA affirming a decision of Immigration Judge ("IJ") Sandy K. Hom, which denied her second motion to reopen. *In re Gurbax Kaur*, No. A073 489 222 (B.I.A. July 20, 2011), *aff'g* No. A073 489 222 (Immig. Ct. N.Y. City April 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

The agency did not abuse its discretion in denying Kaur's second motion to reopen as untimely and number-barred. *See Kaur*, 413 F.3d at 233-34. An alien may file one motion to reopen, generally no later than 90 days after

2

the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Kaur's March 2011 motion was untimely and number-barred, as her final administrative order was issued in 1995 and she had previously filed one motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).

However, the time limitation does not apply to: (1) a motion to rescind an exclusion order with a showing "that the failure to appear was through no fault of the alien," 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2); or (2) motions to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

To the extent Kaur sought to rescind her *in absentia* exclusion order, the agency reasonably found that she had received adequate notice of her hearing, and thus did not demonstrate reasonable cause for her failure to appear,

3

because she had been personally notified both in writing and verbally in her native language of the date and time of her hearing, and she acknowledged during her airport interview and in a letter to the immigration court that she knew she was to appear before an IJ sometime in June 1995. *See Lopes v. Gonzales*, 468 F.3d 81, 84-85 (2d Cir. 2006) (concluding that written notice in English was sufficient and that the agency had no duty to notify alien of the consequences of failure to appear in his native Portugese); *cf. In re Mancera-Monroy*, 22 I. & N. Dec. 79, 82 (BIA 1998) (finding that the lack of notice of a hearing constituted reasonable cause for an alien's failure to appear at his hearing). Accordingly, because Kaur had notice of the time and place of her hearing, the BIA did not abuse its discretion in denying her motion to rescind. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B); *Kaur*, 413 F.3d at 233-34.

The agency also reasonably found that Kaur failed to demonstrate a material change in conditions in India. While the 2007 and 2008 State Department Reports Kaur submitted document incidents of arbitrary arrest, rape, and torture by police and one instance of anti-Sikh violence, she did not provide evidence of conditions prior to her 1995 hearing, as

4

required to demonstrate a change in conditions adequate for reopening. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings regarding changed country conditions under the substantial evidence standard); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Furthermore, the agency reasonably found that Kaur's background evidence was not material to her asylum claim because it did not indicate that the police targeted any specific group or that she, as a Sikh woman, would be targeted for persecution. *See* 8 C.F.R. § 1003.2(c)(1), (3)(ii) (requiring that a motion to reopen present *material* evidence of a change in country conditions); 8 C.F.R. § 1208.13(b)(2)(i)(B) (requiring that an alien's fear of future persecution be objectively reasonable).

Because the evidence Kaur submitted was insufficient to establish a material change in country conditions, the BIA did not abuse its discretion in concluding that she failed

to meet an exception to the filing deadline and number restrictions, and in denying her motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6