Singh v. Holder

BIA
A073 133 577

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fourteen.

PRESENT:
        JOHN M. WALKER, JR.,
        JOSÉ A. CABRANES,
        SUSAN L. CARNEY,
           *Circuit Judges.*

_____

GURDEV SINGH,
      *Petitioner,*

      v.                   13-4754
                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:        Dalbir Singh, Esq., New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Emily Anne Radford, Assistant Director; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurdev Singh, a native and citizen of India, seeks review of the November 21, 2013, order of the BIA denying his second motion to rescind a 1994 exclusion order entered *in absentia*. *In re Gurdev Singh*, No. A073 133 577 (B.I.A. Nov. 21, 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen exclusion proceedings for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001). The immigration judge ordered Singh excluded *in absentia* in 1994 after he failed to appear for a hearing. Orders entered *in absentia* may be rescinded only upon a showing of "reasonable cause" for the failure to appear. 8 C.F.R. § 1003.23(b)(4)(iii)(B); *Twum*, 411 F.3d at 58; *see also In re N-B-*, 22 I. & N. Dec. 590, 592-93 (B.I.A. 1999). Both lack of notice and ineffective assistance of counsel may

constitute "reasonable cause" for failing to appear at a hearing. *See in re Mancera*, 22 I. & N. Dec. 79, 82 (B.I.A. 1999) (lack of notice justified alien's failure to appear at a scheduled deportation hearing); *Aris v. Mukasey*, 517 F.3d 595, 599 (2d Cir. 2008) (a lawyer's inaccurate advice to his client concerning an immigration hearing date can constitute "exceptional circumstances" excusing the alien's failure to appear).

The BIA did not abuse its discretion in denying Singh's motion. Singh was given notice of his July 1, 1994 hearing when an immigration officer served him with written notice and read the notice to him in English while his uncle translated it into Punjabi. The notice included the date, time, and place of the hearing and was sufficient to put him on notice of that hearing. *See Lopes v. Gonzales*, 468 F.3d 81, 84-85 (2d Cir. 2006) (notice was not defective where the agency failed to provide it in the alien's native language). Singh does not dispute that he was given this notice, but nevertheless insists that he did not know that he had a hearing. He points to his young age at the time (14) and his lack of English as causes of his confusion. However, the notice was translated into his native language, and his

3

uncle was present at the time of service to clear up any misunderstandings.  Moreover, Singh was living with his uncle at the time of his hearing, and he does not argue that his uncle was unaware of his hearing or its consequences.

Nor did the BIA abuse its discretion in declining to rescind based on ineffective assistance of counsel.  Singh failed to substantially comply with the procedural requirements for bringing an ineffective assistance claim. The requirements include submitting (1) an affidavit describing in detail the agreement with counsel, (2) proof that counsel was informed of the allegations and had an opportunity to respond, and (3) a statement regarding whether a complaint was filed with the appropriate disciplinary authorities, and, if not, why not.  *In re Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988)*; Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005)(holding that an "alien who has failed to comply substantially with the *Lozada* requirements . . . forfeits her ineffective assistance of counsel claim.").  Here, while Singh did submit the required affidavit of agreement, he did not submit any proof that he informed counsel of the allegations, except to say that he sent prior counsel a

4

letter.  Accordingly, the BIA did not err in finding that Singh failed to comply substantially with the *Lozada* requirements.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5